IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MICHAEL TYRONE SMITH, :
:
    Plaintiff, :
:
v. : Civil Action No. 08-442-LPS
:
MICHAEL J. ASTRUE, :
Commissioner of Social :
Security, :
:
    Defendant. :
:
:

---

Steven L. Butler, Esquire of LINARDUCCI & BUTLER, New Castle, Delaware.
Of Counsel: David F. Chermol, Esquire of CHERMOL & FISHMAN, LLC, Philadelphia, Pennsylvania.

Attorneys for Plaintiff.

Charles M. Oberly, Esquire, United States Attorney, and Dina White Griffin, Esquire, Special Assistant United States Attorney, of the OFFICE OF THE UNITED STATES ATTORNEY, Wilmington, Delaware.
Of Counsel: Eric P. Kressman, Esquire, Acting Regional Chief Counsel and Amanda R. Reinitz, Esquire, Assistant Regional Counsel, of the SOCIAL SECURITY ADMINISTRATION, Philadelphia, Pennsylvania.

Attorneys for Defendant.

---

## **MEMORANDUM OPINION**

February 22, 2011
Wilmington, Delaware

*[signature]*
**Stark, District Judge:**

Pending before the Court is a Motion To Alter Or Amend Judgment Pursuant To Rule 59(e) Of The Federal Rules Of Civil Procedure (D.I. 23) filed by Defendant, the Commissioner of the Social Security Administration, requesting the Court to reconsider the April 30, 2010 decision issued by the Honorable Joseph J. Farnan, Jr. For the reasons set forth below, the Court will deny the Motion.

## I. PARTIES' CONTENTIONS

By his Motion, Defendant contends that Judge Farnan overlooked the arguments he advanced in his Sur-Reply brief with respect to the Third Circuit Court of Appeals' decision in *Brownawell v. Comm'r of Soc. Sec.*, 554 F.3d 352 (3d Cir. 2008). Defendant contends that Judge Farnan improperly relied on *Brownawell* to conclude that the A.L.J. erred in failing to re-contact state agency physicians. Defendant further maintains that the A.L.J. was not required to re-contact the state agency physicians because the record evidence was sufficient to support the conclusion that Plaintiff was not disabled.

In response, Plaintiff contends that *Brownawell* does not represent an intervening change in controlling law that would justify reconsideration of Judge Farnan's decision. Plaintiff maintains that Judge Farnan appropriately applied *Brownawell* to the facts of this case, and contends that it was not "clear legal error" for Judge Farnan to remand this matter to the A.L.J. for further findings and/or proceedings in light of the contradictory opinions of the state agency physicians. Plaintiff also requests the Court to consider a direct award of benefits on behalf of Plaintiff based on his concern that the "tone" of Defendant's Motion and the "Agency's apparent willful refusal to acknowledge its errors" will prevent the fair adjudication of Plaintiff's claim at

1

the agency level. (D.I. 24 at 4)[1]

## II. DISCUSSION

A motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) which is timely filed and challenges the correctness of a previously entered order is considered the "functional equivalent" of a motion for reconsideration under Delaware Local Rule 7.1.5. *See Corning Inc. v. SRU Biosystems*, 2006 WL 155255, at *3 (D. Del. Jan. 20, 2006). Motions for reconsideration should be granted sparingly and may not be used to rehash arguments which have already been briefed by the parties and considered and decided by the court. *See Karr v. Castle*, 768 F. Supp. 1087, 1090 (D. Del. 1991); *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Such motions are granted only if it appears that the court has patently misunderstood a party, has made a decision outside of the adversarial issues presented by the parties, or has made an error not of reasoning but of apprehension. *See, e.g, Shering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998); *Brambles*, 735 F. Supp. at 1240. A court may alter or amend the judgment if the movant demonstrates at least one of the following: (1) a change in the controlling law; (2) availability of new evidence not available when summary judgment was granted; or (3) a need to correct a clear error of law or fact or to prevent manifest injustice. *See Max's Seafood Café by LouAnn, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

In this case, Defendant has not identified a change in the controlling law, new evidence, or a clear error of law or fact causing Defendant manifest injustice. The *Brownawell* decision

---

[1] To the extent Plaintiff is seeking reconsideration of Judge Farnan's decision to remand as opposed to granting Plaintiff benefits directly, Plaintiff's request is hereby denied.

2

does not represent an intervening change in controlling law. *Brownawell* was precedential law at the time Judge Farnan addressed the merits of this case and it has not been overturned. Nor is the Court persuaded that Judge Farnan's decision remanding this matter to the A.L.J. presents a clear error of law or results in manifest injustice to Defendant. In the Court's view, Judge Farnan's decision to remand this matter affords both parties the fairness due them by providing an opportunity to resolve the inconsistencies in the medical opinions and have this matter adjudicated on a clear record.

Defendant contends that Judge Farnan overlooked his sur-reply brief. It is correct that Judge Farnan's decision appears to omit mention of the sur-reply brief. However, the Court has considered the sur-reply in rendering its decision here and concludes that it does not alter the legal analysis provided by Judge Farnan. As Judge Farnan noted, the A.L.J. did not fully credit any of the medical opinions in the record but, instead, made medical assumptions concerning the accommodations Plaintiff would need in the work place, without record support for those accommodations. *See Smith v. Astrue*, 2010 WL 1780276, at *6 & n.2 (D. Del. Apr. 30, 2010). In this respect, it appears to the Court that the A.L.J. improperly substituted his lay opinion for that of the medical professionals in the record.

Accordingly, the Court discerns no error in Judge Farnan's decision to remand this matter for further findings and/or proceedings. Therefore, the Court will deny Defendant's request for relief under Rule 59(e).

## III. CONCLUSION

For the reasons discussed, the Court will deny Defendant's Motion To Alter Or Amend Judgment Pursuant To Rule 59(e). An appropriate Order will be entered.

3