IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| MICHAEL TYRONE SMITH, | : |
| --- | --- |
| Plaintiff, | : |
| v. | : Civil Action No. 08-442-LPS |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | : |
| Defendant. | : |

Steven L. Butler, Esquire of LINARDUCCI & BUTLER, New Castle, Delaware.
Of Counsel: David F. Chermol, Esquire of CHERMOL & FISHMAN, LLC, Philadelphia, Pennsylvania.

Attorneys for Plaintiff.

Charles M. Oberly, Esquire, United States Attorney, and Dina White Griffin, Esquire, Special Assistant United States Attorney, of the OFFICE OF THE UNITED STATES ATTORNEY, Wilmington, Delaware.
Of Counsel: Eric P. Kressman, Esquire, Acting Regional Chief Counsel and Amanda R. Reinitz, Esquire, Assistant Regional Counsel, of the SOCIAL SECURITY ADMINISTRATION, Philadelphia, Pennsylvania.

Attorneys for Defendant.

**MEMORANDUM OPINION**

January 25, 2012
Wilmington Delaware

**STARK, U.S. District Judge:**

Pending before the Court is a Motion For Attorney's Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), filed by Plaintiff, Michael Tyrone Smith. Plaintiff filed his motion following this Court's decision to deny the Motion To Alter Judgment filed by Defendant, Commissioner ("Commissioner") of the Social Security Administration ("SSA"), which asked for reconsideration after now-retired Judge Farnan reversed the decision of the Commissioner to deny Plaintiff's application for disability benefits and remanded the matter to the SSA to address deficiencies in the decision of the Administrative Law Judge ("ALJ").

Plaintiff seeks fees for 55.15 hours at a rate of $173.00 per hour, totaling $9,540.95. Defendant objects to the awarding of attorney's fees on the grounds that the ALJ's decision was reasonably justifiable, and in the alternative objects to the amount of requested fees as unreasonable.

For the reasons set forth below the Court will grant Plaintiff's Motion For Attorney's Fees and award attorney's fees in the amount of $9,540.95.

**I.    LEGAL STANDARDS**

The EAJA provides that "a prevailing party in a litigation against the government shall be awarded 'fees and other expenses . . . incurred by that party . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.'" *Williams v. Astrue*, 600 F.3d 299, 301 (3d Cir. 2009) (quoting 28 U.S.C § 2412 (d)(1)(A)). The "burden of establishing that there is substantial justification for its position" lays with the government. *Morgan v. Perry*, 142 F.3d 670, 684 (3d Cir. 1998). "The Supreme Court has defined substantial justification under the EAJA as 'justified in substance or in the main –

1

that is, justified to a degree that could satisfy a reasonable person.'" *Id.* at 683 (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). "[T]he government's position is substantially justified 'if it has a reasonable basis in law and fact.'" *Id.* at 684 (quoting *Hanover Potato Prods., Inc. v. Shalala*, 989 F.2d 123, 128 (3d Cir. 1993)). To defeat a prevailing party's application for fees, the government must establish that there is substantial justification for its position by demonstrating "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory it propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *Williams*, 600 F.3d at 302.

## II. DISCUSSION

Here, as set forth more fully below, the government has not met its burden.

### A. Lack of Reasonable Basis in Law

As Judge Farnan stated in granting the Plaintiff's motion for summary judgment, the ALJ may not "substitute his lay judgment for the expertise of examining medical doctors." *Smith v. Astrue*, 2010 WL 1780276 (D. Del. Apr. 30, 2010) (citing *Brownawell v. Comm'r of Soc. Sec.*, 554 F.3d 352 (3d Cir. 2008)). Additionally, SSA regulations require that the ALJ re-contact examining medical experts "when the report contains a conflict or ambiguity that must be resolved." 20 C.F.R. § 404.1512(e)(1).

After concluding that the ALJ "improperly substituted his own opinion on certain medical issues not reserved to the Commissioner," Judge Farnan ordered remand of this case. *Smith*, 2010 WL 1780276, at *6. The ALJ had discounted in whole or in part each of the opinions offered by the medical experts in the field, and substituted his own judgment as to

2

accommodations that would be required to permit Plaintiff to perform work. While the ALJ explained that he was giving less than controlling weight to the medical opinions because of internal inconsistencies, this did not permit him to substitute his own lay opinion. Instead, he was required to re-contact one or more medical experts. All of this was established by Third Circuit precedent and SSA regulations. Thus, there was no reasonable basis in law for the government's defense of the ALJ's error.

### B. Lack of Reasonable Basis in Fact

The ALJ's finding as to Plaintiff's RFC lacked a reasonable basis in fact, as there was no record support for it. The ALJ wrote that Plaintiff:

> needs simple, routine, unskilled jobs due to his education,
> pain and discomfort, and depression, low stress,
> concentration, memory . . . can lift ten pounds on occasion,
> lesser amounts frequently, stand on his feet for 20 to 30
> minutes at a time, and can sit for that amount of time
> without any problems on a continuous basis during an eight-
> hour day, five days a week, jobs that have little interaction
> with the public, coworkers, or supervisors, and have to avoid
> heights and hazardous machinery due to his dizziness
> occasionally . . . and no prolonged climbing, balancing,
> stooping, or temperature or humidity extremes, and jobs not
> requiring repetitive use of his hands, and mildly limited as
> to, or minimally, allow him occasionally to minimally raise
> his feet off of weight bearing on a minimal distance on
> occasion during an eight-hour day.

(Tr. 19) In denying the government's motion for reconsideration, the Court found that the ALJ's RFC consisted of "medical assumptions concerning the accommodations Plaintiff would need in the work place . . . without record support." *Smith v. Astrue*, 2001 WL 703941 (D. Del. Feb. 22, 2011). A reasonable person would not be satisfied with the ALJ's finding on RFC without record support.

3

### C. Lack of Connection

As there is no reasonable basis in law or fact for the government's position, the Court does not need to address the third step (reasonable connection).

### D. Fees

"Generally speaking, 'a party seeking attorney's fees has the burden to prove that its request for attorney's fees is reasonable.'" *Newell v. Comm'r of Social Security*, 121 Fed. Appx. 937, 939 (3d Cir. Jan. 25, 2005) (quoting *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990)). The EAJA requires "an itemized statement from any attorney . . . representing . . . the party stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412 (d)(1)(B). A party opposing a fee award must support its challenge with an "affidavit or brief with sufficient specificity to give fee applicants notice" of the objections. *Rode*, 892 F.2d at 1183. A fee award may not be "decreas[ed] . . . based on factors not raised at all by the adverse party." *Bell v. United Princeton Properties, Inc.*, 884 F.2d 713, 720 (3d Cir. 1989). However, "[o]nce the adverse party raises objections to the fee request, the district court has a great deal of discretion to adjust the fee award in light of those objections." *Rode*, 892 F.2d at 1183.

The government contends that the fees requested by Plaintiff are unreasonable because Plaintiff has not presented accurate evidence of time expended in this matter, the requested amount exceeds the average EAJA award of $3000 - $4000, and the hours billed by counsel are excessive. Each of these points is incorrect.

Plaintiff has provided an itemized statement representing 55.15 hours at an hourly rate of $173. (D.I. 27-2 at 1-3; D.I. 28 at 5) Defendant claims that the itemization is insufficiently

4

specific as it "does not specify which attorney performed the tasks for which they seek compensation." (D.I. 29 at 10-11) (citing *Sorenson v. Mink*, 239 F.3d 1140, 1147 (9th Cir. 2001) (remanding to district court to make explicit findings because of duplicative efforts of attorneys)) Here, where only 55.15 hours were expended altogether, the government provides no convincing basis to find any unnecessary duplication of effort. This is particularly true because Plaintiff's counsel's efforts included briefing not only two motions for summary judgment, but also reviewing the government's sur-reply brief on those motions, defending the government's motion to alter judgment, and briefing this motion for attorney's fees. Additionally, Plaintiff's counsel "in an exercise of billing discretion" chose not to seek recovery of 17 hours that were expended on the case. (D.I.27 at 2 n.1)

The court also agrees with Judge Bumb, who recently wrote:

> Defendants object that the fees requested here exceed both national and regional averages and that the amount sought is unreasonable in light of Plaintiff's counsel's expertise and the "routine" nature of this dispute. Plaintiff disputes these contentions. The Court, however, need not address such generalized objections. *See, e.g., U.S. v. Eleven Vehicles, Their Equipment and Accessories*, 200 F.3d 203, 2011 (3d Cir. 2000) ("a court may not reduce counsel fees sua sponte as 'excessive, redundant, or otherwise unnecessary' in the absence of a sufficiently specific objection to the amount of fees requested"); *Watson v. Southern Pennsylvania Transp. Ass'n*, 1998 WL 720072, 2 (E.D. Pa. Sept. 10, 1998) ("Where the Defendant has not specifically objected to the reasonableness of the hours expended, this Court will not sua sponte make an adjustment to the total number of allowable hours, although the number of hours claimed in filing this petition appears excessive."), *aff'd*, 207 F.3d 207 (3d Cir. 2000).

*Ongay v. Astrue*, 2011 WL 2457692, at *6 (D. Del. June 20, 2011).

Accordingly, the Court will award Plaintiff $9,540.95 for 55.15 hours at $173 per hour.

5

## III. CONCLUSION

For the reasons discussed, the Court will grant Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access To Justice Act. An appropriate Order follows.